UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERIEL HANEL,

                Plaintiff,

v.                                       Case No. 14-10213

GENERAL MOTORS L.L.C.,        HON. TERRENCE G. BERG
                                                 HON. R. STEVEN WHALEN

                Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

    This is a pro se civil action in which Plaintiff Meriel Hanel has brought a complaint against Defendant General Motors, LLC ("GM") to recover some type of "relief money that I am entitled to for my 30 years of service with G.M." (Dkt. 1 at 9.) Defendant GM has filed a motion to dismiss for failure to state a claim upon which relief can be granted, which is now before the Court. Plaintiff filed a handwritten response to Defendant's motion, and Defendant replied. The Court finds that oral argument would not aid this decision and will therefore decide the motion without a hearing. E.D. Mich. LR 7.1(f)(2).

    For the reasons set forth below, it is ORDERED that Defendant's motion to dismiss (Dkt. 3) is GRANTED.

### I.    FACTUAL BACKGROUND

    This case involves a handwritten complaint, apparently by a union employee, against GM, her former employer. Plaintiff claims, without providing details of any kind, that Defendant GM has failed to provide her "30 years of service entitlement,"

which seems to be some kind of retirement benefit Plaintiff believes she is entitled to receive from Defendant. (Dkt. 1 at 9.) The complaint is hard to understand, but roughly summarized, makes the following claims: Plaintiff needs her "relief money" that she is "entitled to for [her] 30 years of service with G.M."; she also needs her "30 years of credited service"; "UAW Local 5960 . . . [is] not pursing [her claim] any longer"; she has tried to negotiate with them (presumably her union local) to no avail; she believes Defendant wants her to sue to get her "30 years of entitlement money"; she "believed and trusted" Defendant that the claimed benefits were covered in the contract between the union and Defendant; she needs her money; if "we" (presumably GM employees) were in the military, they would get better retirement benefits; and she believes the union has closed circuit televisions. (Dkt. 1 at 6–10.) Although it is impossible to tell whether Plaintiff pursued her claim through the UAW, she did include what appears to be the second page of a letter from UAW Secretary Treasurer Dennis D. Williams, dated September 18, 2012, which references a September 28, 2012 hearing date, and requests that Plaintiff advise "Amy Loasching" as to whether Plaintiff will be attending the hearing. (Dkt. 1 at 10.) On this page, there is handwriting, apparently Plaintiff's, which says: "Hearing Oct 9 - 2012" and "I think they have closed circuit TV [signed] M. Hamel." (*Id.*)

Plaintiff filed this suit in Michigan's Oakland County Circuit Court on September 18, 2013, and Defendant removed it to this Court on January 16, 2014. (Dkt. 1.)

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

For most claims, Federal Rule of Civil Procedure 8(a) requires that a plaintiff satisfy its pleading burden by drafting a "short and plain statement of the claim."

Rule 9, however, requires that claims of fraud be supported with a statement detailing "with particularity the circumstances constituting fraud or mistake."

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

### III.   ANALYSIS

Plaintiff has failed to state a claim upon which relief can be granted. The entire matter is, therefore, DISMISSED WITHOUT PREJUDICE.

Although Federal Rule of Civil Procedure 8 requires merely "a short and plain statement of the claim," Plaintiffs must still allege enough facts to make the claim plausible. *Twombly*, 550 U.S. at 556. "While a pro se complaint is to be 'liberally construed' and 'must be held to less stringent standards than formal pleadings drafted by lawyers,' *Erickson v. Pardue*, 551 U.S. 89, 94 (2007), 'basic pleading essentials' must still be met. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)." *Hayes v. Burns*, No. 13-CV-00028, 2013 WL 4501464, at *2 (M.D. Tenn. Aug. 22, 2013), report and recommendation adopted, No. 13-0028, 2013 WL 5331539 (M.D. Tenn. Sept. 23, 2013) (internal parenthetical citation omitted).

4

In reading Plaintiff's Complaint, it is impossible to tell why Plaintiff is saying that she is entitled to "relief money for my 30 years of service with GM." There is nothing in the Complaint that explains what this "relief money" is, or how she was denied this money or denied her "30 years of credited service." The Complaint does not say who is responsible for providing these benefits, and does not explain the manner in which she has been denied them.[1] The Complaint does not provide enough information that would support a plausible conclusion that GM did anything, or failed to do something, to make it responsible for what seems to be the alleged misconduct. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). For example, the Complaint does not contain even facts that would answer certain basic questions, such as: was Plaintiff employed by GM, and if so, for how long; where did Plaintiff work; was she a member of the union; what is the legal basis for the "30 year relief money" Plaintiff is seeking; was there an agreement or contract that Plaintiff believes GM breached; did Plaintiff try to get these benefits through the union, if so, what happened in that process; what exactly does Plaintiff believe GM did to deny these benefits; and why does Plaintiff believe GM was wrong to deny such benefits? Without facts that answer these kinds of questions, the

---

[1] This kind of information would seem easily within the possession of GM, and the Court must question GM for failing to make even the slightest attempt to explain the facts or provide the Court with information that would elucidate the context in which this claim arises. The second page of the union letter that plaintiff included with her complaint shows that something happened, seemingly some type of adjudication, between Plaintiff and the union that appears to be relevant to this claim. It is disturbing that counsel would not provide the background of this matter, in a case where the Plaintiff has no counsel, and is clearly having difficulty effectively expressing her arguments in an understandable way. If a union grievance or other process has in fact previously addressed this same claim, and Plaintiff was unsuccessful in that process, the Court would benefit from knowing that, but GM relies only on legal arguments attacking the sufficiency of the factual claims made by a Plaintiff who is at a substantial disadvantage in articulating those facts. This type of advocacy is far from admirable and is of no assistance to the Court or the administration of justice.

Complaint lacks allegations to establish any breach of whatever agreement Plaintiff believes has not been honored. The Complaint therefore fails to state a claim and must be dismissed without prejudice. A dismissal without prejudice means that Plaintiff may bring her claim again if she can do so in a way that answers the kinds of questions mentioned in this order. But the Court encourages Plaintiff to seek the assistance of counsel, perhaps through a local legal clinic or otherwise, to help her make her claims in compliance with the applicable rules of procedure.

## CONCLUSION

Plaintiffs' complaint fails to comply with Federal Rules of Civil Procedure 8 and 10, and fails to provide facts to support the claims made in it. Accordingly, it is ORDERED that Defendant's motion to dismiss (Dkt. 3) is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated:  July 8, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 8, 2014, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb  
Case Manager
